**UNITED STATES of America,**
**Appellee,**

v.

**Adrian AGOSTINI, also known as**
**Elizabeth Andy, Defendant–**
**Appellant.**

No. 05–1997.

United States Court of Appeals,
Second Circuit.

June 6, 2006.

James E. Neuman, Law Office of Michael F. Bachner, New York, NY, for Appellant.

William J. Harrington, Harry Sandick, Assistant United States Attorneys (Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief).

PRESENT: Hon. DENNIS JACOBS, and Hon. B.D. PARKER, Circuit Judges, and Hon. DAVID G. TRAGER *, District Judge.

### SUMMARY ORDER

Adrian Agostini ("Agostini") appeals from the judgment entered on April 14, 2005 in the United States District Court for the Southern District of New York (Marrero, J.), pursuant to a jury verdict convicting Agostini on two counts: assault

---

* The Honorable David G. Trager, United States District Court for the Eastern District of New York, sitting by designation.

in aid of racketeering (18 U.S.C. § 1959(a)(3)) and conspiracy to distribute and possession with intent to distribute five grams or less of crack cocaine (21 U.S.C. § 846). Familiarity is assumed as to the facts, the procedural context, and the specification of appellate issues.

 1. The evidence presented at trial was sufficient to support the convictions. With respect to the narcotics conspiracy conviction, the evidence demonstrated that Agostini materially assisted the conspiracy through the use of his car (making deliveries, driving gang members around, and accommodating drug-related meetings) and that Agostini was well-aware of the gang's criminal purpose. The jury was entitled to disbelieve Agostini's testimony that he heard no drug-related conversations and saw no drug-related activity, particularly in light of co-conspirators' testimony to the contrary. See *United States v. Stanley*, 928 F.2d 575, 577 (2d Cir.1991). With respect to the assault in aid of racketeering conviction, the jury was entitled to conclude that Agostini acted, at least in part, to improve his standing in the gang. The evidence indicated that (1) prior to the assault, Agostini tried to improve his standing in the gang; (2) Agostini's participation in the assault was unsolicited (by the victim or by fellow gang members) and was interpreted by gang members as an indication that Agostini was "putting in work" and showing that "he would be dependable"; and (3) Agostini bragged about the attack—and even showed the bloody knife to gang leaders.

 2. The district court's erroneous admission of co-conspirators' plea allocutions, in violation of *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), did not constitute plain error. See *United States v. Dukagjini*, 326 F.3d 45, 61 (2d Cir.2003) ("[T]he admission of evidence in violation of . . . Con-frontation Clause rights is ground for reversal only if it constituted plain error.") (internal quotation marks omitted). The plea allocutions were admitted as evidence of the existence of the drug conspiracy. Yet, aside from the allocutions, there was ample evidence of the conspiracy (and of Agostini's involvement), including the testimony of two witnesses who were themselves members of it, the testimony of law enforcement officers, and the video surveillance tapes. See *United States v. Snype*, 441 F.3d 119, 128–30 (2d Cir.2006) (affirming conviction despite admission of coconspirators' plea allocutions because there was compelling evidence of the conspiracy).

Moreover, the plea allocutions did not identify Agostini as a member of the conspiracy, and the district court repeatedly instructed the jury that the plea allocutions could not be considered as evidence of Agostini's role. "[T]he law recognizes a strong presumption that juries follow limiting instructions." *Snype*, 441 F.3d at 128–30 (citing *Zafiro v. United States*, 506 U.S. 534, 540–41, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993)).

 3. The district court did not abuse its discretion in admitting evidence of various uncharged crimes and bad acts, including Agostini's 1997 guilty plea to having sold drugs with an accomplice. The evidence was admissible under Federal Rule of Evidence 404(b) to establish Agostini's knowledge of the narcotics trade and intent in joining a narcotics conspiracy. The district court's instructions were also accurate and clear, advising the jury that the prior bad act evidence could be used only for a limited purpose. The district court did not detail all of the impermissible uses, but that does not constitute an abuse of discretion.

■ 4. The district court's rulings with respect to the testimony of cooperating witnesses did not amount to an abuse of discretion. The district court properly restricted questions on cross-examination until defense counsel laid a foundation for the questions. Afterward, defense counsel was given a full opportunity to attack the credibility of the cooperating witnesses. Additionally, the district court properly allowed the government to offer evidence of the terms of cooperation agreements after defense counsel attacked the witnesses' credibility. *See United States v. Cosentino,* 844 F.2d 30, 32–35 (2d Cir.1988). Finally, the court's jury instructions regarding cooperation agreements were appropriate: defense counsel inaccurately suggested that, by cooperating with the government, witnesses "[got] out of jail." The district court properly interjected to correct the record. See *United States v. Filani,* 74 F.3d 378, 385 (2d Cir.1996) (explaining that the district court has a "duty to see the law correctly administered" and that the duty "cannot be properly discharged if the judge remains inert"); *United States v. Bejasa,* 904 F.2d 137, 141 (2d Cir.1990) ("[The trial judge] need not sit like a bump on a log throughout the trial.") (internal quotation marks omitted).

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**